# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| MICHAEL A. MARSHALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:09-0110 |
| v. ) | Judge Wiseman / Knowles |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

This is a civil action filed pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security finding that Plaintiff was not disabled and denying Plaintiff Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), as provided under the Social Security Act ("the Act"), as amended. The case is currently pending on Plaintiff's Motion for Judgment on the Administrative Record. Docket No. 18. Defendant has filed a Response in Opposition to Plaintiff's Motion for Judgment on the Administrative Record, arguing that the decision of the Commissioner was supported by substantial evidence and should be affirmed. Docket No. 22.

For the reasons stated below, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

1

# I. INTRODUCTION

Plaintiff filed his applications for DIB and SSI on March 26, 2008, alleging that he had been disabled since September 19, 2005, due to osteoporosis, asthma, osteoarthritis, and a multiple trauma accident. Docket No. 19, Attachment ("TR"), TR 108, 114. Plaintiff later amended his alleged onset date to October 22, 2007. TR 10, 22. Plaintiff's applications were denied both initially (TR 36, 37) and upon reconsideration (TR 38, 39). Plaintiff subsequently requested (TR 57-58) and received (TR 75-78) a hearing. Plaintiff's hearing was conducted on May 7, 2009, by Administrative Law Judge ("ALJ") K. Dickson Grissom. TR 16. Plaintiff and vocational expert ("VE"), Katharine Reynolds Bradford, appeared and testified. TR 16.

On June 19, 2009, the ALJ issued a decision unfavorable to Plaintiff, finding that Plaintiff was not disabled within the meaning of the Social Security Act and Regulations. TR 5-15. Specifically, the ALJ made the following findings of fact:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2012.

2. The claimant has not engaged in substantial gainful activity since October 22, 2007, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. The claimant has the following severe impairments: blind in left eye; deaf in one ear and poor hearing in other ear; and back, shoulder, and hip pain (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets of medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525, 404.1526, 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual

2

        functional capacity to perform light and sedentary work as defined in 20 CFR 404.1567(b) and 416.967(b) except he is precluded from all climbing of ladders, scaffolds, and ropes; occasional climbing of ramps and stairs; and must avoid all work around hazards, such dangerous machinery and unprotected heights. He is also limited to jobs requiring no more than monocular vision, no acute bilateral hearing and no loud noises.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. The claimant was born on May 7, 1978 and was 27 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. (20 CFR 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 22, 2007 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

TR 10-15.

      On July 17, 2009, Plaintiff timely filed a request for review of the hearing decision. TR 4. On October 27, 2009, the Appeals Council issued a letter declining to review the case (TR 1-3), thereby rendering the decision of the ALJ the final decision of the Commissioner. This civil

action was thereafter timely filed, and the Court has jurisdiction. 42 U.S.C. §§ 405(g) and 1383(c)(3). If the Commissioner's findings are supported by substantial evidence, based upon the record as a whole, then these findings are conclusive. *Id.*

## II. REVIEW OF THE RECORD

The parties and the ALJ have thoroughly summarized and discussed the medical and testimonial evidence of Record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## III. CONCLUSIONS OF LAW

### A. Standards of Review

This Court's review of the Commissioner's decision is limited to the record made in the administrative hearing process. *Jones v. Secretary*, 945 F.2d 1365, 1369 (6th Cir. 1991). The purpose of this review is to determine (1) whether substantial evidence exists in the record to support the Commissioner's decision, and (2) whether any legal errors were committed in the process of reaching that decision. *Landsaw v. Secretary*, 803 F.2d 211, 213 (6th Cir. 1986).

"Substantial evidence" means "such relevant evidence as a reasonable mind would accept as adequate to support the conclusion." *Her v. Commissioner*, 203 F.3d 388, 389 (6th Cir. 1999) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been further quantified as "more than a mere scintilla of evidence, but less than a preponderance." *Bell v. Commissioner,* 105 F.3d 244, 245 (6th Cir. 1996) (*citing Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938)).

The reviewing court does not substitute its findings of fact for those of the Commissioner if substantial evidence supports the Commissioner's findings and inferences. *Garner v. Heckler*,

4

745 F.2d 383, 387 (6th Cir. 1984). In fact, even if the evidence could also support a different conclusion, the decision of the Administrative Law Judge must stand if substantial evidence supports the conclusion reached. *Her*, 203 F.3d at 389 (*citing Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). If the Commissioner did not consider the record as a whole, however, the Commissioner's conclusion is undermined. *Hurst v. Secretary*, 753 F.2d 517, 519 (6th Cir. 1985) (*citing Allen v. Califano,* 613 F.2d 139, 145 (6th Cir. 1980) (*citing Futernick v. Richardson,* 484 F.2d 647 (6th Cir. 1973))).

In reviewing the decisions of the Commissioner, courts look to four types of evidence: (1) objective medical findings regarding Plaintiff's condition; (2) diagnosis and opinions of medical experts; (3) subjective evidence of Plaintiff's condition; and (4) Plaintiff's age, education, and work experience. *Miracle v. Celebrezze*, 351 F.2d 361, 374 (6th Cir. 1965).

### B. Proceedings At The Administrative Level

The claimant carries the ultimate burden to establish an entitlement to benefits by proving his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "Substantial gainful activity" not only includes previous work performed by Plaintiff, but also, considering Plaintiff's age, education, and work experience, any other relevant work that exists in the national economy in significant numbers regardless of whether such work exists in the immediate area in which Plaintiff lives, or whether a specific job vacancy exists, or whether Plaintiff would be hired if he or she applied. 42 U.S.C. § 423(d)(2)(A).

At the administrative level of review, the claimant's case is considered under a five-step

sequential evaluation process as follows:

> (1) If the claimant is working and the work constitutes substantial gainful activity, benefits are automatically denied.
>
> (2) If the claimant is not found to have an impairment which significantly limits his or her ability to work (a "severe" impairment), then he or she is not disabled.
>
> (3) If the claimant is not working and has a severe impairment, it must be determined whether he or she suffers from one of the "listed" impairments[1] or its equivalent. If a listing is met or equaled, benefits are owing without further inquiry.
>
> (4) If the claimant does not suffer from any listing-level impairments, it must be determined whether the claimant can return to the job he or she previously held in light of his or her residual functional capacity (e.g., what the claimant can still do despite his or her limitations). By showing a medical condition that prevents him or her from returning to such past relevant work, the claimant establishes a *prima facie* case of disability.
>
> (5) Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner to establish the claimant's ability to work by proving the existence of a significant number of jobs in the national economy which the claimant could perform, given his or her age, experience, education, and residual functional capacity.

20 C.F.R. §§ 404.1520, 416.920 (footnote added). *See also Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

The Commissioner's burden at the fifth step of the evaluation process can be satisfied by relying on the medical-vocational guidelines, otherwise known as "the grid," but only if the claimant is not significantly limited by a nonexertional impairment, and then only when the claimant's characteristics identically match the characteristics of the applicable grid rule.

---

[1]The Listing of Impairments is found at 20 C.F.R., Pt. 404, Subpt. P, App. 1.

Otherwise, the grid cannot be used to direct a conclusion, but only as a guide to the disability determination. *Id.* In such cases where the grid does not direct a conclusion as to the claimant's disability, the Commissioner must rebut the claimant's *prima facie* case by coming forward with particularized proof of the claimant's individual vocational qualifications to perform specific jobs, which is typically obtained through vocational expert testimony. *See Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987).

In determining residual functional capacity for purposes of the analysis required at stages four and five above, the Commissioner is required to consider the combined effect of all the claimant's impairments; mental and physical, exertional and nonexertional, severe and nonsevere. *See* 42 U.S.C. § 423(d)(2)(B).

### C. Plaintiff's Statement Of Errors

Plaintiff contends that the ALJ erred in: (1) rejecting the opinion of Plaintiff's treating physician;[2] and (2) discounting Plaintiff's subjective complaints of disability due to his combined physical impairments. Docket No. 19. Accordingly, Plaintiff maintains that, pursuant to 42 U.S.C. § 405(g), the Commissioner's decision should be reversed, or in the alternative, remanded. *Id.*

Sentence four of § 405(g) states as follows:

---

[2] Although Plaintiff's Statement of Errors asserts, "The Administrative Law Judge erred in rejecting the opinion of treating physician, Dr. Jain, consultative examiner, Dr. Keown, and in discounting [his] complaints of disability due to his combined impairments," Plaintiff actually asserts only two arguments: 1) that the ALJ erroneously discounted the opinion of Dr. Jain, Plaintiff's treating physician, and 2) that the ALJ erroneously discounted his complaints of disability due to his combined impairments. *See* Docket No. 10. Plaintiff does not argue that the ALJ rejected the opinion of consultative examiner, Dr. Keown. *Id.* Accordingly, the undersigned will not address the opinion of consultative examiner Dr. Keown as a statement of error.

7

> The court shall have power to enter, upon the pleadings and
> transcript of the record, a judgment affirming, modifying, or
> reversing the decision of the Commissioner of Social Security,
> with or without remanding the cause for a rehearing.

42 U.S.C. §§ 405(g), 1383(c)(3).

"In cases where there is an adequate record, the Secretary's decision denying benefits can be reversed and benefits awarded if the decision is clearly erroneous, proof of disability is overwhelming, or proof of disability is strong and evidence to the contrary is lacking." *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985). Furthermore, a court can reverse the decision and immediately award benefits if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary*, 17 F.3d 171, 176 (6th Cir. 1994). *See also Newkirk v. Shalala*, 25 F.3d 316, 318 (1994).

**1. Weight accorded opinions of treating physician**

Plaintiff argues that the ALJ erred in rejecting the opinion of Dr. Jain, his treating physician. Docket No. 19. Defendant responds that the ALJ properly evaluated Dr. Jain's opinion. Docket No. 22.

Dr. Jain, or physicians on his staff, treated Plaintiff over several years for decreased hearing, decreased vision, and pain in his right femur, hips, chest, left knee, left elbow, shoulder, back, and neck. TR 234, 237, 238, 239, 242, 266-267, 268-272, 295, 296, 297, 299.

The ALJ considered the medical opinion of Dr. Jain when determining whether Plaintiff was disabled. TR 11. Specifically, the ALJ stated:

> The undersigned acknowledges the medical source statement of
> Dr. Jain who limited the claimant to lifting no more than 10
> pounds and who further opined that the claimant could be expected
> to be absent from work four or more times during a normal month
> of work. However, the undersigned finds that such restrictions

>> appear to be due more to the claimant's assertions of subjective pain rather than based on findings in the objective medical evidence of record.

*Id.*

The medical source statement referenced by the ALJ refers to Dr. Jain's April 30, 2009, physical examination and assessment of Plaintiff. TR 317-319. In that assessment, Dr. Jain noted that Plaintiff had suffered a broken right femur in a 2005 car accident. *Id.* He also noted idiopathic osteoporosis, Vitamin D deficiency, hearing loss, (apparently previous) fractures of multiple bones of the lower limb, intrinsic asthma, abnormal x-ray and other examination of the musculoskeletal system, and low back pain. *Id.* Dr. Jain opined that Plaintiff could occasionally lift or carry ten pounds, frequently lift or carry less than ten pounds, stand and/or walk at least two hours in an eight-hour workday, and sit about four hours in an eight-hour workday. TR 353. He also opined that Plaintiff was limited in his upper extremities, needed to periodically alternate sitting and standing to relieve pain or discomfort, was capable of performing low stress jobs, needed to take unscheduled breaks every fifteen to twenty minutes in an eight-hour workday, and would likely be absent from work more than four times a month. TR 354. Dr. Jain further opined that Plaintiff could occasionally climb and balance; never kneel, crouch, or crawl; frequently was limited in reaching, handling, and feeling; and was limited in seeing and hearing. TR 356.

With regard to the evaluation of medical evidence, the Code of Federal Regulations states:

>> Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.

> (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
> (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources, since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations. If we find that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques *and is not inconsistent with the other substantial evidence in your case record*, we will give it controlling weight. When we do not give the treating source's opinion controlling weight, we apply the factors listed in paragraphs (d)(2)(i) and (d)(2)(ii) of this section, as well as the factors in paragraphs (d)(3) through (d)(6) of this section in determining the weight to give the opinion. ...
> (3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a source provides for an opinion, the more weight we will give that opinion. ...
> (4) Consistency. Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.
> (5) Specialization. We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist.

20 C.F.R. § 416.927(d) (emphasis added). *See also* 20 C.F.R. § 404.1527(d).

Dr. Jain is Plaintiff's treating physician, and the opinion of a treating physician is generally accorded more weight than other opinions of record since the treating physician has a prolonged history with a plaintiff and plaintiff's medical situation. *See*, *e.g.*, *Farris v. Secretary*, 773 F.2d 85, 90 (6th Cir. 1985). An ALJ is not required to give controlling weight to a treating physician's evaluation, however, when that evaluation is inconsistent with other substantial evidence in the record. *See* 20 C.F.R. § 416.927(d)(2) and 20 C.F.R. § 404.1527(d)(2). Instead, when there is contradictory evidence, the treating physician's opinion is weighed against the contradictory evidence under the criteria listed above. *Id.* When the opinions of treating

physicians are inconsistent with each other or with other substantial evidence in the record, the final decision regarding the weight to be given to the differing opinions lies with the Commissioner. 20 C.F.R. § 416.927(e)(2).

Although Dr. Jain is a treating physician, the ALJ determined that his "restrictions appear to be due more to the claimant's assertions of subjective pain rather than based on findings in the objective medical evidence of record." TR 11. In his opinion, the ALJ discussed evidence of record that supported his determination that Dr. Jain's restrictions were unsupported by the objective medical evidence and based more on Plaintiff's assertions of subjective pain. TR 11-13. The ALJ explained:

> While he presented at the Cookeville Medical Clinic requesting assistive devices due to his sudden onset of hip pain, his medical records show that he has not previously complained of hip pain. There was no previous evaluations or diagnostic tests performed; and no history of treatment either with physical therapy or surgery. He even reported to the consultative physician that he had last worked in 2007 for a company that set up large party tents and said that he worked for them for 90 days. His cervical and lumbar spine exam indicated that he had full range of motion, and he did not put forth adequate effort when performing straight leg raise tests that were noted to be unreliable. While he has a slight right-sided limp, the claimant is able to walk with and without an assistive device. The claimant continues to complain of shortness of breath due to asthma; yet he continues to smoke while continuing to utilize inhalers. His lung fields were clear without wheezes, rales, or rhonchi, and he has not been hospitalized due to asthmatic exacerbations. The claimant complains of hearing loss yet declined surgical intervention or hearing aids that might well improve his hearing.

TR 13.

Also as demonstrated by the ALJ, Dr. Jain's opinion is contradicted by the opinion of

11

consultative examiner Dr. Keown, who opined that Plaintiff was capable of lifting twenty to twenty-five pounds occasionally and ten to twelve pounds frequently (TR 12, 221), and by a May 2008 case analysis completed by Dr. Payne, which indicated that, based on the objective record, Plaintiff's case should be rated as "non-severe" (TR 11, 223). The ALJ additionally noted that Dr. Payne disagreed with Dr. Keown's RFC for a restricted range of light work, stating that it was "significantly excessive and not based on the objective medical facts before her." TR 11.

Although there is evidence in the record to support Plaintiff's allegations, substantial evidence exists to support the ALJ's determination. Because Dr. Jain's opinion contradicts other evidence in the record, the ALJ was not bound to accord it controlling weight. The ALJ's decision not to accord controlling weight to Dr. Jain's opinion was proper. Plaintiff's argument fails.

## 2. Plaintiff's subjective complaints of disability

Plaintiff argues also that the ALJ erred in rejecting his subjective complaints of disability due to his combined physical impairments. Docket No. 19. Specifically, Plaintiff argues that the medical records and testimony show that Plaintiff's pain is at a severe level, and that Plaintiff's complaints are supported by the record. *Id.* Plaintiff also argues that the ALJ erred by stating that he could perform many more daily activities than he admitted to performing. *Id*.

Defendant argues that the ALJ properly evaluated Plaintiff's statements about the severity of his symptoms. Docket No. 22. Defendant also argues that the ALJ properly explained that the objective medical evidence did not support the level of restriction Plaintiff alleged. *Id.*

The Sixth Circuit has set forth the following criteria for assessing a plaintiff's subjective allegations of pain:

> [T]here must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition *or* (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

*Duncan v. Secretary*, 801 F.2d 847, 853 (6th Cir. 1986) (*quoting* S. Rep. No. 466, 98th Cong., 2d Sess. 24); *see also* 20 C.F.R. § 404.1529 ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled . . . ."); *Cox v. Secretary*, 902 F.2d 32 (6th Cir. 1990) ("[T]hough Cox alleged fully disabling and debilitating symptomology, the ALJ, may distrust a claimant's allegations of disabling symptomatology as implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict."). Moreover, "allegations of pain . . . do not constitute a disability unless the pain is of such a debilitating degree that it prevents an individual from engaging in substantial gainful activity." *Bradley v. Secretary*, 862 F.2d 1224, 1227 (6th Cir. 1988).

As noted, Plaintiff argues that his pain is at a severe level and that the medical records support his allegations. Docket No. 19. The ALJ in the case at bar determined that Plaintiff's blindness in his left eye, deafness in one ear and poor hearing in the other ear, and back, shoulder, and hip pain were severe and did place restrictions on his ability to work. TR 10. The ALJ ultimately found, however, that these impairments did not rise to a listing level severity, as defined in the Regulations. TR 11. The ALJ stated, that after considering the relevant listings, he "does not find any present criteria set forth in said listings to warrant a finding that the claimant meets or equals any listing." *Id.* The ALJ also observed, "No treating or examining

13

physician has suggested the presence of any impairment or combination of impairments of listing level severity." *Id.* The ALJ opined that, "After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual capacity assessment." TR 12.

After discussing medical evidence from Nurse Practitioner Harding, a psychological evaluation performed by Mr. Killian, a consultative physical examination performed by Dr. Keown, medical records from High Point Regional Hospital, an eye examination performed by an optometrist at "Dr. Valuevision," and a comprehensive audiometry threshold evaluation and speech recognition test and tympanometry evaluation performed by Dr. Thinakkal, along with the evidence quoted *supra*, p. 11, the ALJ concluded that Plaintiff's complaints of pain were not fully credible.

The ALJ, when evaluating the entirety of the evidence, is entitled to weigh the objective medical evidence against Plaintiff's subjective claims of pain and reach a credibility determination. *See, e.g., Walters,* 127 F.3d at 531; and *Kirk v. Secretary,* 667 F.2d 524, 538 (6th Cir. 1981). An ALJ's findings regarding a claimant's credibility are to be accorded great weight and deference, particularly because the ALJ is charged with the duty of observing the claimant's demeanor and credibility. *Walters,* 127 F.3d at 531 (*citing Villarreal v. Secretary,* 818 F.2d 461, 463 (6th Cir. 1987)). Discounting credibility is appropriate when the ALJ finds contradictions among the medical reports, the claimant's testimony, the claimant's daily activities, and other evidence. *See Walters*, 127 F.3d at 531 (*citing Bradley,* 682 F.2d at 1227; *cf King v. Heckler*,

14

742 F.2d 968, 974-75 (6th Cir. 1984); and *Siterlet v. Secretary*, 823 F.2d 918, 921 (6th Cir. 1987)). If the ALJ rejects a claimant's testimony as not credible, however, the ALJ must clearly state the reasons for discounting a claimant's testimony (*see Felisky*, 35 F.3d at 1036), and the reasons must be supported by the record (*see King*, 742 F.2d at 975).

As has been discussed, the ALJ did not conclude that Plaintiff experiences no pain or no limitations arising from his impairments. Although Plaintiff may experience pain resulting from his various physical conditions, the medical record does not support Plaintiff's account of severe, disabling pain. After assessing all the objective medical evidence, the ALJ determined that the degree of Plaintiff's complaints was not fully credible. TR 13. As has been noted, this determination is within the ALJ's province.

The ALJ observed Plaintiff during his hearing, assessed the medical records, and reached a reasoned decision; the ALJ's findings are supported by substantial evidence and the decision not to accord full credibility to Plaintiff's allegations was proper. Therefore, this claim fails.

Plaintiff also argues that the ALJ's credibility finding is erroneous because his allegations of severe pain are consistent with Jerrell Killian's psychological evaluation (Docket No. 19), which specifically noted that Plaintiff "seemed to attempt an honest presentation" (TR 214). Defendant argues that Mr. Killian's assessment of the veracity of Plaintiff's statements is inapposite because it related solely to his psychological (not physical) evaluation, and Plaintiff never alleged that a psychological impairment limited his ability to perform work. Docket No. 22.

The ALJ considered the April 30, 2008 mental status examination report of Mr. Killian, a

15

psychological examiner. TR 12, 213-215. Mr. Killian's statement that Plaintiff "seemed to attempt an honest presentation" was made in the course of a mental evaluation in which Plaintiff was examined for psychological issues (TR 12); it did not refer to Plaintiff's allegations that his pain was severe. With regard to Plaintiff's physical condition, Mr. Killian reported that Plaintiff "moved about with unrestricted mobility," "exhibited no physical limitations," "utilized his hands and arms freely as he manipulated materials," "seemed to see materials adequately without glasses," and "maintained communication with normal volume." TR 213. Contrary to Plaintiff's assertions, Mr. Killian's observations regarding Plaintiff's physical condition actually further support the ALJ's decision to find that Plaintiff's pain was not of disabling level of severity and that Plaintiff was not as restricted as he alleged. The ALJ's determination was proper. Plaintiff's claim fails.

Plaintiff also takes issue with the ALJ's finding that, "While [Plaintiff] asserted that he essentially did only minimal daily activities, the undersigned concludes after a thorough review of his objective medical evidence of record that [he] can perform many more normal daily activities than he is actually willing to admit" (TR 13). Docket No. 19. As has been discussed above, the ALJ properly evaluated the evidence of record, reached a proper credibility determination, sufficiently articulated the reasons for his determination, and substantial evidence supported the ALJ's determination. Because substantial evidence exists in the record for the ALJ to determine that Plaintiff could perform more daily activities than he was willing to admit, the ALJ's decision must stand. Plaintiff's argument fails.

For the foregoing reasons, the ALJ did not err in rendering an adverse credibility finding regarding the severity of Plaintiff's pain, the disabling level of his symptoms, or the level of

16

restriction alleged.

## IV. RECOMMENDATION

For the reasons discussed above, the undersigned recommends that Plaintiff's Motion for Judgment on the Administrative Record be DENIED, and that the decision of the Commissioner be AFFIRMED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                 _____
                                                                 E. CLIFTON KNOWLES
                                                                 United States Magistrate Judge